UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFREDO MORENO COCOLETZI, *et al.*,

Plaintiffs,

-against-

FAT SAL'S PIZZA II, CORP., *et al.*,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/18

No. 15-cv-2696 (CM)

# DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

McMahon, C.J.:

On April 7, 2015, Plaintiffs Alfredo Moreno Cocoletzi, Edgar Monteroso, and Gilberto Dario Ramirez Ramos ("Plaintiffs") commenced this action against Corporate Defendants Fat Sal's Pizza Corp. (d/b/a Fat Sal's Pizza) and Fat Sal's Pizza II, Corp. (d/b/a Fat Sal's Pizza) ("Corporate Defendants"), and Individual Defendants Amir Orly and Eldad Shaar ("Individual Defendants") (collectively, "Defendants"). (Dkt. No. 1.) Plaintiffs seek to recover for unpaid minimum wage and overtime violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and various provisions of the New York Labor Law ("NYLL") and associated rules and regulations.

Presently before the Court is Plaintiffs' unopposed motion for default judgment. (Dkt. No. 100.) For the reasons set forth below, the motion for default judgment is GRANTED.

I.  **Background**

On April 7, 2015, Plaintiffs filed the initial complaint in this action. (Dkt. No. 1.) Defendants, through their counsel, filed an answer on June 3, 2015 denying all allegations in the complaint. (Dkt. No. 11.)

On June 24, 2015, Defendant Orly filed a petition for Chapter 13 bankruptcy before the Bankruptcy Court of the Southern District of New York. (Dkt. No. 20.) The instant matter was stayed on July 1, 2015, pending Defendant Orly's bankruptcy proceedings.

On August 5, 2015, the Court issued an order severing and staying all claims against Defendant Orly and lifting the stay as to all other Defendants. (Dkt. No. 24.) The Court issued a scheduling order as to all remaining Defendants on August 19, 2015. (Dkt. No. 26.)

The Court received a letter from Defendants' counsel on September 1, 2015 requesting permission to withdraw as counsel of record because Defendants had terminated their representation. (Dkt. No. 28.) After conferencing with Defendants and their counsel, the Court allowed Defendants' counsel to withdraw from this matter and set a deadline of November 25, 2015 for new counsel to appear. (Dkt. No. 30.)

On November 20, 2015, Defendant Shaar filed a Notice of *Pro se* Appearance. (Dkt. No. 31.) The Corporate Defendants did not meet the Court's November 25th deadline.

On December 16, 2015, the Bankruptcy Court lifted the automatic stay against Defendant Orly so that any liability in this action could be determined. (Dkt. No. 32-33.) Counsel for Defendant Orly entered an appearance on March 15, 2016, and a pretrial conference was scheduled for May 20, 2016. (Dkt. No. 34-39.)

At the May 20th conference, Plaintiff's counsel informed the Court that this action would not be preceding as a collective and was limited to five-named plaintiffs. (Dkt. No. 40.) At the

direction of the Court, Plaintiff filed an amended complaint on November 7, 2016. (Dkt. No. 51.)

The amended complaint added Plaintiffs Cristian Fredy Villar Medina and German Torres and Corporate Defendants Fat Sal's Pizza II, Corp. (d/b/a/ Fat Sal's Pizza), Fat Sal's Pizza III, Corp. (d/b/a/ Fat Sal's Pizza), Fat Sal's Pizza IV, Corp. (d/b/a/ Fat Sal's Pizza), Shelby Pizza Corp. (d/b/a Fat Sal's Pizza), and Twelve Thirteen Ave A Corp. (d/b/a Fat Sal's Pizza). (Dkt. No. 51.)

All Defendants were served with the summons and amended complaint between November 17, 2016 and November 18, 2016. (Dkt. No. 65-70.)

On January 26, 2017, after Defendant Orly failed to appear at a scheduled deposition, this case was referred to the magistrate judge for a discovery dispute. (Dkt. No. 73.) On the same day, the Court received an exchange of letters between counsel for Plaintiffs and Defendant Orly. (Dkt. No 71-77.) These letters informed the Court that the firm representing Defendant Orly was alleging dissolving and that former partners were having a dispute as to who represented Defendant. (*Id.*)

As the Court stated at the time, it would not get involved in an exchange of letters. (Dkt. No. 77.) The Court directed defense counsel to behave professionally and work out their dispute. (*Id.*) The Court did not grant defense counsel's request to be relieved of their representation and would not leave Defendant Orly unrepresented. (*Id.*)

On February 6, 2017, the Clerk of Court entered certificates of default against the Corporate Defendants. (Dkt. No.80-84.)

The magistrate judge held a conference on March 6, 2017 in an effort to resolve the issue of counsel for Defendant Orly. (Dkt. No. 89.) Plaintiffs' counsel was present as were the ex-

partners of the dissolved firm that had previously represented Defendant Orly. (*Id.*) Defendant Orly was not present at the conference. (*Id.*) The Court adjourned and directed defense counsel to have Mr. Orly appear via a telephone conference the next day. (*Id.*)

On March 7, 2017, Defendant Orly appeared via telephone conference with Plaintiffs' counsel, Defense counsel, and the magistrate judge. (Dkt. No. 91.) During this conference, he explained to the Court that he no longer wished to defend himself in this action and could not afford counsel. (*Id.*) The magistrate judge explained to Defendant Orly that if he could not afford counsel, this was not necessarily a barrier to his defense in this action. (*Id.*) He repeated that he no longer wished to be involved and the Court informed Defendant of the repercussions of a default judgment against him. (*Id.*)

With the help of his former counsel, Defendant Orly submitted an affidavit on March 5, 2017, stating that he was aware of what a default judgment against him meant and that he no longer wished to be involved in this action. (Dkt. No. 88.)

On July 28, 2017, the Clerk of Court entered certificates of default against the Individual Defendants who remained in this action—Defendants Orly and Shaad. (Dkt. No. 98-99.)

Plaintiffs moved for default judgment against all Defendants on January 10, 2018. (Dkt. No. 100.) Defendants have not responded to Plaintiffs motion or otherwise communicated with the Court.

## II.   Discussion

### A. Plaintiffs' Motion for Default Judgment

A motion for default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). This Circuit has a preference for litigating matters on their merits.

If a Defendant fails to answer or otherwise contest a complaint, all well-pleaded allegations in the complaint are deemed admitted. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). Each of the named Plaintiffs in this action has submitted a sworn declaration alleging minimum wage and overtime violations of the FLSA and NYLL. (Dkt. Nos. 101-05.)

None of the Defendants in this action have responded to Plaintiffs' first amended complaint or Plaintiffs' motion for default judgment. The Clerk of Court has entered certificates of default against all Defendants. (Dkt. Nos. 80-84, 98-99.)

Defendant Orly has filed a sworn statement that he no longer wishes to defend in this action. Defendant Shaad, who filed a *pro se* appearance prior to the filing of the amended complaint, has not responded to any of Plaintiffs' subsequent filings, or communicated with the Court an inability to do so.

The Corporate Defendants have not appeared via counsel since the termination of their original counsel of record on September 1, 2015. (Dkt. No. 28.)

Before default judgment is granted, Plaintiffs' are required to comply with this Court's individual rules on default judgments. Those rules are:

(i) Wait at least 30 days after service is effected.
(ii) Serve a copy of the Motion for Entry of a Default Judgment on the defaulting defendant in the same manner as prescribed for service of process. The motion should be accompanied by a notice stating as follows:
THE ATTACHED LEGAL PAPERS ARE BEING SERVED ON YOU BECAUSE YOU HAVE FAILED TO APPEAR IN A LAWSUIT BROUGHT AGAINST YOU. IF YOU DO NOT ENTER AN APPEARANCE IN THE LAWSUIT ON OR BEFORE **[INSERT DATE NO EARLIER THAN 20 DAYS FROM THE DATE OF SERVICE OF THE NOTICE AND MOTION]**, THE COURT WILL ENTER A DEFAULT JUDGMENT AGAINST YOU. IF YOU

5

        ARE A CORPORATION, YOU CAN ONLY APPEAR THROUGH AN ATTORNEY. IF YOU ARE AN INDIVIDUAL, YOU MAY APPEAR BY AN ATTORNEY OR PRO SE. IN EITHER EVENT, YOU MUST TAKE SOME ACTION OR A JUDGMENT WILL BE ENTERED AGAINST YOU. ENTRY OF A JUDGMENT MAY RESULT IN A LEVY AGAINST YOUR PROPERTY.

(iii) File the Motion for Entry of a Default Judgment, together with proof of service on the Motion and the Notice, with the Office of the Clerk of the Court. The Clerk's office will process the filing and transmit it to Chambers.

(iv) Chambers will hold the motion until the date specified in the Notice has passed. If no appearance is entered for the defendant, the Court will decide the motion.

Individual Rule IV.E. A review of the docket indicates that Plaintiffs have complied with each of the Court's individual rules on default judgment.

As such, Plaintiffs' allegations in this action are unchallenged. The affidavits and declarations of each individual Plaintiff are sufficient for default judgment to be granted at this time.

### B. Damages

Plaintiffs' have attached a spreadsheet as an exhibit to their motion, which breaks down alleged damages incurred by each individual Plaintiff. (Dkt. No. 107, Ex. K.)

Having granted default judgment, the Court refers this case to the magistrate judge for an inquest on damages.

### CONCLUSION

For the reasons stated above, Plaintiffs' motion is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at Dkt. No. 100.

Dated: April 23, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL